And we move to the last case today. It's Jason Jeffers v. Commissioner of Internal Revenue. Peter, you ready? Good afternoon, Your Honor. Thomas Rider on behalf of Petitioner Jason Jeffers. May it please the court. Jason Jeffers, he's always wanted to pay his fair share of tax, but in this case, we filed amended return claims that were never considered in the appeals hearing before the appeals officer. Under this court's case of Green v. PD v. United States, an administrative claim was required before litigating any court proceeding, but they've still not made a decision on the merits. Um, you know, I take it that there is no dispute that Mr. Jeffers received the 2012 notice of the federal tax lien and that he could have asked for a CDP hearing and disputed his underlying tax liabilities at that time. Um, as a matter of logic and fair process, why is it improper for the tax court, um, to deem him precluded, uh, from, um, uh, belatedly challenging his tax liabilities now when, when he could have done so in 2012? In 2012, we had to conduct an investigation regarding the, the, uh, disallowed federal tax withholdings from years 2007 and 2008. So the federal tax lien included 2007 and 2008, and we had to request copies of the tax returns with the W-2 forms to verify the withholding. That's why he couldn't contest that federal tax because he only had 35 days to contest it. So we were conducting the investigation at that time. He didn't have copies of his own tax returns? He didn't have the W-2s to verify the withholding. When he hired our office, he, he just said he didn't really know why they disallowed the, uh, withholding. That's how come we had to request copies of the tax returns with the W-2s from the IRS, which took more than 35 days that we granted to contest the lien filing. So, uh, he's always wanted to pay his fair amount of tax, and they never explained. It's been over four years. They still haven't made a decision on this case. If we lose at this point and then go to, uh, Supreme Court, then he's, he's achieved every level of the administrative process. If there was no revenue officer assigned on the case, this case would have just went to the service center, and they would have just processed that 2009 return because the 2009 return matched the, uh, the 1099, the, um, foreclosure. They would have just typed it in and said, yeah, he had a foreclosure on 2009. On 2008, they could have sent that to audit reconsideration, just like they previously sent 2008 to audit reconsideration. So, the, uh, the regulation underlying the, uh, the, uh, Q&A 7 directly contradicts the underlying code that, um, section 6330C4A1 and 2 because the taxpayer never participated in an earlier hearing. If he's granted one hearing, he, he, uh, never participated in the earlier hearing because he was conducting the investigation. This case, 90% of the, uh, IRS employees are trying to do their job. It's a very difficult job with complicated tax issues, but you have certain people that, uh, just don't want to do their job correctly. So, you, this case, if there was no revenue officer involved, this case probably wouldn't even exist because we would have, uh, just been able to solve it administratively. The 2009, since it never got sent to the service center, they never had a chance to make a decision. At this point, if we have to, uh, file the case in, in district court, like they're saying, then we just have to pay another $400 fee. The, this court's decision in green to PD was file an administrative claim, but now we paid the $60 tax court fee, $500 appeal fee, and if this court, you know, punts it on the road, then we still have no decision. Has any court deemed the treasury regulation on trial opportunities to be invalid? The regulation directly overrules the underlying code. It, it contradicts. It's against Kaiser v. Wilkie that you can't draft a regulation that directly contradicts the code on which it's based. It seems to me that our court's decision in our country home appears to endorse the preclusion rationale of the regulation, doesn't it? Our country home was a, uh, administrate, was a, uh, when he had one appeal hearing though, he had an appeal hearing to, to, uh, argue about the underlying penalty, and then he lost that appeal hearing. In Jeffers' case, his one appeal hearing is with the appeals officer and they never considered his, his amended return claims. So he wants to, uh, they're basically trying to treat an uncontested federal tax lien as if it was uncontested notice of, uh, statutory notice, which would, you know, act as a precluded issue. They're trying to upgrade the prior opportunity and stop them from, from, uh, looking at evidence of what the taxpayer owes. Um, the other thing was that the, uh, the Jensen case was a similar case with a notice of federal tax lien that was uncontested, but the tax court attorney in that case was willing to work on a notice on a stipulation of settled issues. So we were able to agree on what the taxpayer owed. In this case, since the district council disobeyed the tax court's standard of order, they just said, they're not going to look at our evidence. That's why we had to file a request for admission because he said he was just going to do a motion for summary judgment instead of, uh, instead of, you know, sitting down with us and looking at the evidence, what the taxpayer owed. Let's see. Oh, I'd like to reserve my rebuttal time for the final two minutes. All right. Thank you, counsel. Mr. Vita and Ms. Vita. Thank you, your honors. May it please the court, Julia Veta for the commissioner. This is not a case about amended returns, and this is not a case about a refund claim. There were no amended returns and no refund claim before the tax court, because this is a collection due process proceeding. The tax court is only reviewing an administrative record for abuse of discretion. It made no findings of fact on the merits that this court could review. The taxpayer wants to use this proceeding to compel the consideration of his amended tax returns. Hold on, please. I know there's a delay. I know there is. What about the argument that he didn't have enough time to contest in 2012, the 35-day argument? There is no cost nor harm to taxpayer to filing a protective request for a hearing, even if his evidence is not fully collected at the time that that request comes due. Once a hearing is requested, it is assigned to a settlement officer in the IRS Office of Appeals, and then he would deal directly with that settlement officer to collect any necessary information. And if he were to find while pursuing copies of information, which I believe your Honor has observed would likely have been in his possession already at some point, he then would have been able to go back to the settlement officer. If it turned out that his claim was not what he thought, he would say, oh, never mind. This is not a valid administrative claim. Thanks for your time. Or he could have, had he found a meritorious claim there, pursued it in that hearing. But by not taking the opportunity to have that hearing, he effectively consented to the public filing of a notice of federal tax lien. Now, what he received, the notice under Section 6320 that triggered that hearing opportunity is expressly contemplated in the situation as in year 2009 here, where the taxpayer had not previously received a notice of deficiency or otherwise. In the case of 2009 here, for example, he had self-reported his own liability. It was on his return that he had filed. So he would not have received a notice of deficiency, at least with respect to that year. And I think we lay out in our brief how the particularities of each tax year issue here and why and in what circumstances a notice of deficiency could or could not have issued. But materially to our purposes here, the two tax years that we're talking about here in this room, I beg your pardon, are subject to the 2012 notice of federal tax lien filing, which he had the opportunity to challenge. And at that hearing, he could have raised any dispute with respect to his underlying liabilities for 2008 and 2009. He didn't take that opportunity. And because he didn't take that opportunity at that time, he can't save it for later. He can't, when he received the notice of intent to levy in 2017, go back and say, we didn't try to redetermine our liabilities in 2012, but now we've rethought them. You can't simply consent to collection action after collection action until one displeases you and then avail yourself of a right to redetermine under the collection due process framework. The collection due process framework provides the taxpayer one opportunity to dispute his underlying tax liability. That may be a notice of deficiency. It may be, as here, a notice of a public lien filing under Section 6320. It may be a notice of an impending levy, but it only comes once. And if you don't take that opportunity when it comes, you can't save it for later. If Mr. Jeffers had filed an amended return and asked for a hearing immediately after receiving a notice of deficiency, would the Office of Appeals have been required to consider the amended return? Under those circumstances, Your Honor, if he had received a notice of deficiency, his recourse would be to tax court. And the tax court would potentially be required to consider his amended return there because that's proceeding to redetermine a deficiency. Deficiency is not assessed liability. It's a discrepancy between the return that you filed and the determination of the IRS. And there are judicial proceedings dedicated to that process. You can bring a suit in the tax court, a petition in the tax court for a redetermination of a deficiency, and that's where you get to say, I don't owe this tax. I don't actually owe the tax you think I do. Your determination is incorrect. Here is what I actually owe. A collection due process proceeding, which this is, is not designed to present that sort of opportunity. There is a safe harbor provision in the collection due process statutory framework for liabilities that a taxpayer has not had the opportunity to dispute in tax court, such as a self-reported liability like here. But the which are done when a debt is assessed already and an assessment happens after your time to contest a disputed underlying deficiency has run. So if he's receiving notices of deficiency, a different clock is running on that. He can file a tax court petition within 90 days, and then he gets different standards of review on appeal from that determination, from the decision of that court. Here, he's on abuse of discretion review. And the abuse of discretion, he alleges, is the settlement officer's failure to consider his amended returns. But the settlement officer correctly looked to the regulation and said, no, I can't consider this challenge to your liability now, because this is not your first collection due process hearing. And that would have been your opportunity to contest the liabilities that were not subject to a notice of deficiency. Now, we note that 2008 apparently was a year for which a notice of deficiency was sent. But because there was no evidence of that in the record, the tax court assumed on summary judgment in taxpayers' favor that he did not receive it. Nonetheless, the 2012 notice of the public lien filing, which identified both of the tax years at issue here, was sufficient under the regulation to preclude contesting those his opportunity. That was his prior opportunity to dispute his liability. Now, he suggests here that the regulation is invalid because its reading of Section 6330C2B is at odds with the rule set down in Subsection C4A, but these rules are actually consistent. Subsection C2B, which governs us here, says that you're precluded from raising your liability once you've had the is a broader rule, and it says once you've materially participated in an actual hearing, you cannot later re-raise any issues, liability or other substantive issues, that you raised in that hearing. As your Honor has noted. Excuse me. Is this, whatever you talk about this collection due process opportunity, is that before the taxpayer to note, and then it goes before the, I assume the tax court, is that where the challenge would go to or the appeal? Is that, that's a separate, that's a separate forum, right? The tax court? Well, there are two ways to get to tax court, and if I understand your Honor's question correctly, you're asking if there's tax court review of a collection due process hearing. Yes, this is an appeal from the decision of the tax court, which is reviewing the administrative record in the collection due process administrative proceeding, and it's reviewing it for abuse of discretion by the settlement officer, and it found none, and the reason why it found none is because the settlement officer acted in accordance with the regulation which this court has upheld, and that regulation defines a notice of a public lien filing as an opportunity within the meaning of subsection c2b, and once you have had a prior opportunity under section 6330, you cannot re-raise your liability as an issue in a subsequent collection due process proceeding. That opportunity is before me, not under somebody when he's in this situation. I guess he knows, okay, if I've got to go to the, take this opportunity to appeal to the tax court. Is that the way it works? And if he didn't exercise that opportunity, is that what we're saying? The, his first recourse on these facts would have been, he received a collection due process notice, and he has the right to seek an administrative hearing. He doesn't go directly to tax court from a notice of determination, which is the document he received here. He does have the right, I see my time is up. May I finish answering your question, your honor? He does have the right, if he receives a notice of deficiency, to go directly to tax court and have a judicial redetermination of his deficiency there. That's not what happened here. Here he received a notice of determination that the IRS was going to pursue a particular collection action with respect to his settled debts, and in 2012, that was a lien filing. In 2017, which is the levy. And there was no abuse of discretion, as the tax court held, in the settlement officer's refusal to consider the amended returns that the tax payer filed in 2017, because he had not taken the opportunity in 2012 to challenge his liabilities then. Those liabilities are now beyond dispute and subject to collection. And for that reason, there was no error in the tax court's conclusion that there was no abuse of discretion in declining to consider them here. And for those reasons, this court should oppose. Thank you. Thank you, counsel. Mr. Ryder? Yes, I'd like to address the judge's question. The Bell case cited by the tax court actually addressed that same situation. In Bell v. Commissioner, he had two notices of determination. In the first notice of determination, the appeals officer erroneously told the taxpayer he could not address the second notice of collection action. And then at that time, he tried to challenge his liability. And then they said that he should have addressed his liability in the very first hearing that he requested. The way the collection due process works is you have to request a collection due process hearing. When you request the hearing, the first step, actually, you could resolve it with the revenue officer even before it goes to appeals. Half of the cases, probably even more than that. Like a normal amended return, the revenue officer would say, oh, I see your amended returns. I'll send them to the exam. That's what the revenue manual says to do. But in this case, when it got to appeals with the settlement officer, it was just like Bell with the very first request for the collection due process hearing. They didn't look at anything. Instead, the appeals officer just yelled at me that he wasn't going to consider the amended returns. He said he would only consider collection alternatives. I said, well, my administrative claim did get filed until 2017. How could I have addressed my claim before I even filed it? I'd have to first make an administrative claim to get a decision on that and then have a decision. Does that help, Judge? No. I have to go back and think about it. But thank you. Thank you. If there are no more questions, I waive the rest of my time. Thank you, Mr. Ryder. Thanks to both counsel and the cases taken under advisement. And the court will be in recess.